```
              IN THE UNITED STATES DISTRICT COURT
                  WESTERN DISTRICT OF ARKANSAS
                        HARRISON DIVISION
```

**FARM BUREAU MUTUAL INSURANCE**
**COMPANY OF ARKANSAS, INC., and**
**SOUTHERN FARM BUREAU CASUALTY**
**INSURANCE COMPANY**                                       PLAINTIFFS

                v.            Civil No. 08-5115

**TRAVIS FARRIESTER, TIM ROBERTS,**
**MICHELLE ROBERTS, GARY FANCHER,**
**JASON DOTSON, and JACQUELINE DOTSON**                       DEFENDANTS

## O R D E R

Now on this 13th day of June, 2008, come on for consideration plaintiffs' **Motion For Remand** (document #4) and **Defendant's Motion To Enlarge Time To Respond To Plaintiff's Motion To Remand** (document #12, filed by separate defendant Travis Farriester), and from said motions, and the responses thereto, the Court finds and orders as follows:

    1.   This declaratory judgment action was initially filed in the Circuit Court of Pulaski County, Arkansas.  Plaintiffs (collectively referred to as "Farm Bureau") alleged that Tim Roberts, Michelle Roberts, Gary Fancher, and Jason Dotson were insured by Farm Bureau on the date of an incident which led to the filing, by Travis Farriester ("Farriester") of a suit for personal injury in the United States District Court for the Western District of Arkansas, Harrison Division ("Case No. 07-3034").

    In Case No. 07-3034, Farriester -- a resident of Missouri -- asserts claims of negligence, battery, assault, outrage, and false

imprisonment against Tim Roberts, Michelle Roberts, Jeff Roberts, Gary Fancher, Kevin Harp, Jason Dotson, Jerry Morrison, and John Does, all of whom are said to be residents of Carroll County, Arkansas. Farm Bureau seeks a declaration that none of the policies it had in effect at the time of the incident provides coverage for the incident.

On May 15, 2008, Farriester removed the declaratory judgment action to this Court, asserting the existence of complete diversity between the parties.

2. Farm Bureau now moves to remand, making four arguments:

* that there is not complete diversity of citizenship between the parties;

* that the Notice of Removal was untimely filed;

* that all defendants did not consent to removal; and

* that Farriester failed to attach copies of all process, pleadings and orders served on him or the other defendants in state court.

In addition to remand, Farm Bureau seeks costs and attorney's fees.

3. The Court will grant defendant Farriester's Motion To Enlarge Time To Respond To Plaintiff's Motion To Remand, and has fully considered the response filed by Farriester in resolving the issues raised by the Motion For Remand.

4.   Removal is governed by **28 U.S.C. §1441**, which provides that (with exceptions not here relevant),

> any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending.

Jurisdiction in diversity cases is governed by **28 U.S.C. §1332**, which provides that

> district courts shall have original jurisdiction of all civil actions were the matter in controversy exceeds the sum or value of $75,000, exclusive of costs and interest, and is between -- (1) citizens of different States.

The diversity of citizenship required under this statute is "complete diversity," which only exists "where no defendant holds citizenship in the same state where any plaintiff holds citizenship." **OnePoint Solutions, LLC v. Borchert**, **486 F.3d 342, 346 (8th Cir. 2007)**.

**Section 1332(c)** provides that for jurisdictional purposes, a corporation "shall be deemed to be a citizen of any State . . . where it has its principal place of business."  Farm Bureau is, therefore, a citizen of Arkansas for purposes of the jurisdictional analysis in this case.

With the exception of Farriester, it appears that all the defendants are also citizens of Arkansas.  Farriester alleges that they are all citizens of Carroll County, Arkansas, in the First

Amended Compliant in Case No. 07-3034, and by way of motions to dismiss or answer, this allegation is admitted by Tim Roberts, Michelle Roberts, and Jason Dotson.

It can thus be seen that some defendants are residents of Arkansas, as are plaintiffs, and there is not complete diversity of citizenship.

5.   Farriester suggests that this lack of diversity can be "cured" by consolidating the instant case with Case No. 07-3034, and that "Farm Bureau should logically be a defendant" in the consolidated case.  Farriester's argument puts the proverbial cart before the horse.  **F.R.C.P. 42(a)** allows consolidation "[i]f actions before the court involve a common question of law or fact."  Here, unless the declaratory judgment action is properly removable, it is not "before the court," and thus there can be no consolidation.

6.   Because there is incomplete diversity of citizenship in this matter, the Court finds that it must be remanded, and need not address the other arguments raised by plaintiff in opposition to remand.

**IT IS THEREFORE ORDERED** that **Defendant's Motion To Enlarge Time To Respond To Plaintiff's Motion To Remand** (document #12) is **granted.**

**IT IS FURTHER ORDERED** that plaintiffs' **Motion For Remand** (document #4) is **granted,** and this matter is **remanded** to the Circuit Court of Pulaski County, Arkansas.

**IT IS SO ORDERED.**

                                                             /s/ Jimm Larry Hendren
**JIMM LARRY HENDREN**
**UNITED STATES DISTRICT JUDGE**